

FILED
2008 JUL 23 PM 5:38
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

JUDGE ZOUHARY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| Plaintiff, | ) | 3:08 CR 00305 |
| | ) | Cr. No._____ |
| vs. | ) | Title 29, |
| | ) | United States Code, |
| STEVEN T. THOMAS, | ) | Section 501(c) |
| | ) | |
| Defendant. | ) | |

<u>COUNT ONE</u>

The Grand Jury charges:

1. At all times material to this indictment, the Laborers' International Union of North America, Local 500, was a labor organization engaged in an industry affecting commerce.

2. Defendant STEVEN T. THOMAS was a Local 500 employee, union officer, business manager, and member of the Executive Board.

3. As an officer, agent and representative of Local 500, defendant STEVEN T. THOMAS occupied a position of trust in relation to the union and its members as a group. It was his duty to hold Local 500's money and property solely for the benefit of the organization and its members.

ORIGINAL

4. Local 500 assigned a credit card to defendant STEVEN T. THOMAS to be used for union related business. Local 500 also had a credit card which was not assigned to any particular individual, but to which defendant STEVEN T. THOMAS had access.

5. Defendant STEVEN T. THOMAS also had personal credit cards for which he would submit expenses to the union for reimbursement.

6. Scarlett's Gentlemen's Club and Kahoots Gentlemen's Club are strip clubs located in Toledo, Ohio, and Columbus, Ohio, respectively. Credit card receipts for Scarlett's list the vendor's name as J.B. Monroe. Credit card receipts for Kahoots list the vendor's name as IEG, Inc.

7. Defendant STEVEN T. THOMAS would use the union credit cards and his personal credit cards for which he sought union reimbursement to pay bills at Scarlett's and Kahoots.

8. Defendant STEVEN T. THOMAS would submit receipts from J.B. Monroe, a.k.a. Scarlett's, and IEG, Inc., a.k.a. Kahoots, to Local 500. On some receipts he listed the names of individuals who were not present on the dates or times indicated on the receipts. On some receipts he would falsely provide a description of union related business allegedly discussed.

9. From in or about December 2003, to in or about December 2004, in the Northern District of Ohio, Western Division, and elsewhere defendant STEVEN T. THOMAS while an officer and employee, that is, Business Manager of Laborers' International Union of North America, Local 500, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization; to wit, defendant STEVEN

T. THOMAS using the union credit cards, and his personal credit cards for which he received reimbursement from Local 500, did charge approximately $17,500.00 at Scarlett's and Kahoots.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT TWO

The Grand Jury further charges:

1. Paragraphs 1 through 3 of Count One are realleged and incorporated herein.

2. Local 500 provides per diem expense cash travel advances for union members' attendance at out-of-town union related matters. These cash advances are reimbursements for legitimate union business expenses which are not reimbursed from any other sources. The union member must provide receipts for the reimbursable expenses, unless unavailable for expenses such as tips. All unused cash advances must be returned to the union.

3. From on or about September 10, 2001, to on or about October 6, 2005, in the Northern District of Ohio, and elsewhere, defendant STEVEN T. THOMAS while an officer and employee, that is, Business Manager of Laborers' International Union of North America, Local 500, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization; to wit, defendant STEVEN T. THOMAS received and retained cash travel advances of approximately $11,000.00, for which he did not provide receipts or for which he did not incur a legitimate union expense.

All in violation of Title 29, United States Code, Section 501(c).

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.